# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

WILLIE JAMES CRUMP,

        Plaintiff,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, TRACY BELTZ, and PAUL SCHNELL,

        Defendants.

Case No. 26-CV-0693 (PJS/JFD)

**ORDER**

Plaintiff Willie James Crump, a prisoner, has applied for *in forma pauperis* ("IFP") status. (*See* Dkt. No. 2 ("IFP Application")). Because Mr. Crump is a prisoner, *see* 28 U.S.C. § 1915(h), the IFP Application falls under 28 U.S.C. § 1915(b), which requires an initial partial filing fee for prisoners seeking IFP status in civil actions. *See, e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). This fee is 20 percent of the greater of (1) the average monthly deposits to the plaintiff's facility trust account in the six months immediately before the complaint's filing, or (2) the average balance in the plaintiff's account during the same period. *See* 28 U.S.C. § 1915(b)(1).

Materials submitted by Mr. Crump show that he must pay an initial partial filing fee of $22.19.[1] This action will not proceed until Mr. Crump pays this fee in full. If he fails to

---

[1] A Certificate of Authorized Prison Official submitted by Mr. Crump states that the amount of his average monthly deposits during the preceding six-month period was $110.99. (*See* Dkt. No. 4 at 1.) A copy of Mr. Crump's trust-account statement submitted

pay within 21 days of this Order's date, the Court will treat the action as abandoned and recommend dismissal without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Court offers Mr. Crump the following warnings:

- If Mr. Crump proceeds by paying the $22.19 initial partial filing fee, he will also have to pay the remaining $327.91 of this action's $350.00 statutory filing fee in installments. Officials at Mr. Crump's facility will be notified of this requirement and authorized to withdraw funds from his trust account to remit to the Court, as per § 1915(b), regardless of the action's outcome.

- Upon payment of the initial partial filing fee, the Court will review Mr. Crump's complaint (Dkt. No. 1 ("Complaint")) to determine if he has pleaded a viable claim for relief within the Court's jurisdiction.[2] If the Court finds that the Complaint is frivolous or malicious, or fails to state a claim for which relief can be granted, Mr. Crump will incur a "strike" under 28 U.S.C. § 1915(g). Accumulating three or more "strikes" will significantly restrict Mr. Crump's ability to proceed IFP in federal court

---

with the Certificate (*see* Dkt. No. 4-1) indicates that his average balance for part of this period was $73.21. (The Court notes that Mr. Crump may have been transferred between facilities within the relevant six-month period; it will not require him to produce materials bearing on his accounts while he was at other facilities.) Because the deposits amount exceeds the balance amount, Mr. Crump's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), is 20 percent of the average deposits amount, or $22.19.

[2] Mr. Crump should carefully consider whether to proceed with this case, as the Complaint has significant issues. Most notably, the Minnesota Department of Corrections is completely shielded from this lawsuit by Eleventh Amendment sovereign immunity. And while the Complaint also names Tracy Beltz and Paul Schnell as defendants, it fails to allege that they were personally involved in any of the alleged constitutional deprivations, which is a strict requirement for civil-rights claims. The Court also notes that several legal theories that Mr. Crump offers are likely barred as a matter of law, including claims relying on the Prison Rape Elimination Act (which does not provide prisoners a private right of action) and challenges to legally authorized prison wage deductions. Given these concerns, and other issues that may arise if this action moves forward, Mr. Crump may want to reconsider before committing $350.00 to pursue this litigation.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT**:

1.  Plaintiff Willie James Crump must pay an initial partial filing fee of at least $22.19 within 21 days of this Order's date.

2.  Should Mr. Crump fail to pay the initial partial filing fee, the Court will recommend dismissing this action without prejudice for failure to prosecute.

Date: March 19, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge